IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

11/8/2023

LAURA A. AUSTIN, CLERK
BY:  s/ ARLENE LITTLE
DEPUTY CLERK

| | | |
|---|---|---|
| MOUNTAIN VALLEY PIPELINE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 7:23CV00727 |
| | ) | |
| DANIEL GUIDRY | ) | |
| 1367 Ormewood Avenue, SE | ) | |
| Atlanta, Georgia  30316, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ASHLEY STECHER WAGNER | ) | |
| 2919 Harper Street | ) | |
| Berkeley, California  94703, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Mountain Valley Pipeline, LLC ("MVP"), by counsel, for its

complaint against defendants Daniel Guidry and Ashley Stecher Wagner, states as

follows:

## INTRODUCTION

1.      This is an action for an injunction and damages for interference with

work being performed by MVP in the Jefferson National Forest.  The work is authorized

by a Record of Decision issued by the United States Department of Agriculture, United

States Forest Service, and Record of Decision and Right of Way Grant and Temporary

Use Permit issued by the United States Department of Interior, Bureau of Land

Management, and defendants are prohibited from entering the right of way and

interfering with the work under a Right of Way Closure Order issued by the United States Department of Agriculture, United States Forest Service.  Notwithstanding these rulings, defendants have willfully and unlawfully entered the right of way and interfered with authorized work.  MVP therefore brings this action for injunctive and monetary relief.

PARTIES

2.      MVP is a natural gas company holding a certificate from the Federal Energy Regulatory Commission ("FERC") to construct and operate a new natural gas pipeline from Wetzel County, West Virginia, to Pittsylvania County, Virginia.

3.      Work on the project is expressly authorized under the Fiscal Responsibility Act of 2023, which became law on June 3, 2023.  Pub. L. No. 118-5, 137 Stat. 10 (2023).  In this Act, Congress found and declared that timely completion of the MVP project is required in the national interest, and Congress ratified and approved all authorizations for completion of the project.  *Id.* at § 324(b), (c).

4.      Defendants are individuals opposed to the MVP project who have entered the Jefferson National Forest to block the work that MVP is conducting there.

JURISDICTION AND VENUE

5.      This Court has jurisdiction under 28 U.S.C. § 1331, which gives district courts jurisdiction over all civil actions "arising under the Constitution, laws, or treaties of the United States."

6.      Specifically, this action involves the application, interpretation, and enforcement of the Record of Decision of the United States Department of Agriculture, United States Forest Service, and Record of Decision and Right of Way Grant and

2

Temporary Use Permit issued by the United States Bureau of Land Management and the Closure Order entered by the United States Forest Service. The Right of Way Grant and Temporary Use Permit were issued pursuant to 30 U.S.C. § 185, and the Closure Order was entered pursuant to 16 U.S.C. § 551.

7.     Congress expressly ratified and approved these agency authorizations in the Fiscal Responsibility Act, and it directed the agencies to continue to maintain these authorizations and others necessary for the construction of the MVP pipeline. Section 324 of the Act expressly supersedes any law that is inconsistent with these authorizations.

8.     Although the Court has federal question jurisdiction as to defendants, the Court also has jurisdiction under 28 U.S.C. § 1332, based on diversity of citizenship and amount in controversy.

9.     For purposes of diversity jurisdiction, MVP is a citizen of Pennsylvania, Florida, New York, Delaware, Virginia, Texas, and Ohio. Daniel Guidry is a citizen of Georgia and formerly Louisiana, and Ashley Stecher Wagner is a citizen of California. As a result, there is complete diversity of citizenship between MVP and defendants.

10.     The amount in controversy exceeds $75,000 exclusive of interest and costs.

11.     Venue is proper under 28 U.S.C. § 1391(b) in that the events in question occurred in this district.

FACTS

12.     The MVP project runs from Wetzel County, West Virginia, to Pittsylvania County, Virginia, and its crosses approximately 3.5 miles of the Jefferson National Forest in Monroe County, West Virginia, and Giles County and Montgomery County, Virginia.

13.     On May 15, 2023, the United States Department of Agriculture, United States Forest Service, issued a Record of Decision approving the Right of Way Grant and Temporary Use Permit to MVP to cross the Jefferson National Forest.  A copy of the Record of Decision is attached as Exhibit 1.

14.     On May 17, 2023, the United States of Interior, Bureau of Land Management, issued a Record of Decision authorizing the Right of Way Grant and Temporary Use Permit to MVP to cross the Jefferson National Forest.  A copy of the Record of Decision is attached as Exhibit 2.

15.     On June 20, 2023, the United States Department of Interior, Bureau of Land Management, issued a Right of Way Grant and Temporary Use Permit for the MVP project.  A copy of the Right of Way Grant is attached as Exhibit 3, and a copy of the Temporary Use Permit is attached as Exhibit 4.

16.     On July 1, 2023, the United States Department of Agriculture, United States Forest Service issued a Right of Way Closure Order for the MVP project.  A copy of the Right of Way Closure Order is attached as Exhibit 5.

17.     Defendants are members of a group of individuals who are unwilling to accept the fact that the MVP project is approved and can be constructed.  Defendants

are participants in a direct action campaign aimed at stopping the project by unlawful means.

18.     One of the primary tactics of the campaign is for individuals to enter the right of way and attach themselves to equipment or to the ground through sleeping dragon devices.

19.     Although the individuals using the sleeping dragon devices can release themselves from the devices, law enforcement is required to assemble a cut team to saw through the devices in order to remove the individuals.  As a result, removal of these individuals requires substantial resources of law enforcement and causes substantial delays and expenses for MVP.

20.     On October 7, 2023, Daniel Guidry, supported by other protesters, attached himself to the ground on the right of way in Jefferson National Forest in Giles County and interfered with work.  Guidry attached himself using a sleeping dragon device, and he had to be extracted by law enforcement.

21.     On October 16, 2023, Ashley Stecher Wagner, supported by other protesters, attached herself to equipment on the right of way in the Jefferson National Forest and interfered with work.  Wagner attached herself using a sleeping dragon device, and she had to be extracted by law enforcement.

22.     Defendants acted willfully, intentionally, and maliciously for the purpose of interfering with MVP's rights and work allowed under the Right of Way Grant and Temporary Use Permit and the Closure Order.

Abingdon: 1226867-1

## COUNT ONE–AGAINST DEFENDANT GUIDRY FOR
## INTERFERENCE WITH MVP'S EASEMENT AND AUTHORIZED WORK

23.     MVP adopts and incorporates by reference its allegations in paragraphs 1-22 above.

24.     By attaching himself to the ground and refusing to leave, defendant Daniel Guidry violated the rights of MVP under the Right of Way Grant and Temporary Use Permit and Closure Order.

25.     As a direct and proximate result, MVP has sustained damages, costs, expenses, and attorney fees.

## COUNT TWO–AGAINST DEFENDANT WAGNER FOR
## INTERFERENCE WITH MVP'S EASEMENT AND AUTHORIZED WORK

26.     MVP adopts and incorporates by reference its allegations in paragraph 1-22 above.

27.     By attaching herself to the equipment and refusing to leave, defendant Ashley Stecher Wagner violated the rights of MVP under the Right of Way Grant and Temporary Use Permit and Closure Order.

28.     As a direct and proximate result, MVP has sustained damages, costs, expenses, and attorney fees.

## COUNT THREE–AGAINST DEFENDANTS FOR
## COMMON LAW CONSPIRACY

29.     MVP adopts and incorporates by reference its allegations in paragraphs 1-28 above.

6

30.     Defendants and others have agreed and combined to accomplish by concerted action an unlawful purpose.

31.     The unlawful purpose of defendants is to delay or stop work on a project that Congress, the agencies, and the courts have determined should proceed.

32.     Defendants and others are attempting to accomplish their purpose by unlawful means.

33.     The unlawful means includes interference with the rights and easements of MVP in violation of the Right of Way Grant and Temporary Use Permit and Closure Order.

34.     Each defendant engaged in the common law conspiracy is jointly and severally liable for acts in furtherance of the conspiracy.

35.     As a direct and proximate result, MVP has sustained damages, costs, expenses, and attorney fees.

COUNT FOUR–AGAINST DEFENDANTS FOR
STATUTORY CONSPIRACY

36.     MVP adopts and incorporates by reference its allegations in paragraphs 1-28 above.

37.     In violation of Virginia Code § 18.2-499A, defendants and others have combined, associated, agreed, and mutually undertaken and acted in concert together for the purpose of (i) willfully and maliciously injuring MVP in its reputation, trade, business, and profession and (ii) willfully and maliciously preventing or hindering MVP from doing or performing lawful work.

7

38.    Defendants and others are carrying out this statutory conspiracy through unlawful acts—interfering with MVP's rights and easements and violating the Right of Way Grant and Temporary Use Permit and Closure Order.

39.    Each defendant in the statutory conspiracy is jointly and severally liable for acts in furtherance of the conspiracy.

40.    As a direct and proximate result of this statutory conspiracy, MVP has sustained damages, costs, expenses, and attorney fees.

## COUNT FIVE–AGAINST DEFENDANTS FOR PRELIMINARY AND PERMANENT INJUNCTIONS

41.     MVP adopts and incorporates by reference its allegations in paragraph 1-40 above.

42.    As a result of defendants' actions, MVP is sustaining irreparable harm, and MVP does not have an adequate remedy at law.

43.    MVP is entitled to preliminary and permanent injunctive relief against defendants prohibiting interference with MVP's easements and work and prohibiting violations of the Right of Way Grant and Temporary Use Permit and Closure Order, as stated below.

## PRAYER

WHEREFORE, MVP prays that the Court:

1.    Grant a preliminary and permanent injunction against defendants prohibiting them from:

(a)    Entering MVP's easements;

(b)     Blocking access to MVP's easements;

(c)     Otherwise interfering with MVP's easements or the work of its contractors thereon;

(d)     Aiding, abetting, encouraging, or promoting any activities being enjoined by the Court; and

(e)     Soliciting or accepting money or other contributions for such activities.

2.     Make the injunctions binding on defendants and their agents, servants, and employees and others in active concert and participation with them who have notice of the injunction.

3.     Award MVP compensatory damages against defendant Daniel Guidry under Count One.

4.     Award MVP compensatory damages against defendant Ashley Stecher Wagner under Count Two.

5.     Award MVP punitive damages against defendant Daniel Guidry under Counts One and Three.

6.     Award MVP punitive damages against defendant Ashley Stecher Wagner under Counts Two and Three.

7.     Award MVP compensatory damages against defendants Daniel Guidry and Ashley Stecher Wagner jointly and severally under Counts Three and Four.

8.     Award MVP punitive damages against defendants Daniel Guidry and Ashley Stecher Wagner jointly and severally under Count Three.

9.      Award MVP treble damages against defendants Daniel Guidry and

Ashley Stecher Wagner jointly and severally under Count Four.

10.     Award MVP its costs, expenses, and attorney fees.

11.     Grant such other relief as the nature of the case may require.

Respectfully submitted,

MOUNTAIN VALLEY PIPELINE, LLC

By Counsel

Wade W. Massie
 VSB No. 16616
Seth M. Land
 VSB No. 75101
PENN, STUART & ESKRIDGE
P. O. Box 2288
Abingdon, Virginia  24212
Telephone:  276-628-5151
Facsimile:  276-628-5621
wmassie@pennstuart.com
sland@pennstuart.com

By   /s/ Wade W. Massie
         Wade W. Massie

Abingdon: 1226867-1