IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MOUNTAIN VALLEY PIPELINE, LLC, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case Number: 7:23CV00727 |
| DANIEL GUIDRY, | ) | |
| and | ) | |
| ASHLEY STECHER WAGNER, | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

Defendants Daniel Guidry ("Guidry") and Ashley Stecher Wagner ("Wagner") have moved to dismiss the Complaint filed against them by Plaintiff Mountain Valley Pipeline, LLC "(MVP") (Document 8). Guidry and Wagner now support their Motion to Dismiss with this memorandum.

Statement of the Case

Invoking the Court's federal question and diversity of citizenship subject matter jurisdiction, MVP filed its Complaint against Defendants on November 8, 2023. The subject of the Complaint is a natural gas pipeline MVP is constructing across private and public land, including national forests under the jurisdiction of several federal agencies. MVP alleges that on June 20, 2023, the Bureau of Land Management issued a "Right of Way Grant and Temporary Use Permit" for its pipeline project. (Compl. ¶ 15 and Ex. 3 and 4.) The administrative agency approval process culminated on July 1, 2023, when the United States Forest Service entered a "Right of Way Closure Order" for the project. (Compl. ¶ 16 and Ex. 5.)

The Complaint consists of five counts. Count One is a claim against Guidry for "interference with MVP's easement and authorized work" under "the Right of Way Grant and Temporary Use Permit and Closure Order" Plaintiff attaches as an exhibit to its Complaint. (Compl. ¶¶ 23-25.) Count Two (Compl. ¶¶ 26-28) is a claim against Wagner. This second count mirrors MVP's easement interference claim against Guidry in Count One.

Counts Three and Four are overlapping claims against both Guidry and Wagner for common law (Compl. ¶¶ 29-35) and statutory (Compl. ¶¶ 36-40) conspiracy. Finally, MVP restates its requests for preliminary and permanent injunctive relief in Count Five. (Compl. ¶¶ 41-43.)

## Argument

## Standard of Review

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of a complaint. To withstand a Rule 12(b)(6) challenge, the complaint must contain sufficient factual information to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Conclusory assertions that the plaintiff is entitled to relief cannot stand in for specific factual allegations. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009). The Court must assume all well-pleaded factual allegations are true and determine whether, viewed in the light most favorable to the plaintiff, they "plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009).

## I. COUNTS ONE AND TWO FAIL TO STATE CLAIMS IN TORT UPON WHICH RELIEF MAY BE GRANTED.

In Counts One (Compl. ¶¶ 23-25), and Two (Compl. ¶¶ 26-28), MVP sues Guidry (Count One) and Wagner (Count Two) for interfering with the company's easements under the Right of

Way Grant and Temporary Use Permit and Closure Order issued by the United States Forest Service and Bureau of Land Management. (Compl., Ex. 4 and 5.) MVP seeks injunctive and monetary relief, including punitive damages, for Defendants' allegedly tortious interference with its easement rights. (Compl. ¶¶ 25; 28; Prayer for Relief, Sec. 1-6.) The Court should dismiss Counts One and Two for two reasons.

First, the Supreme Court of Virginia has never recognized a private right of action for "interference" with easements rights. Read liberally, Counts One and Two are improvident bids by MVP to recover for trespasses upon its Right of Way Grant and Temporary Use Permit on two occasions, October 7, 2023 (Guidry) and October 16, 2023 (Wagner). (Compl. 20-21.) Virginia certainly recognizes a private right of action in tort for trespass. But MVP fails to allege a viable claim for trespass in Counts One and Two.

In a decision involving the same natural gas pipeline at issue here, this Court explained that a trespass under Virginia common law is "…an unauthorized entry onto property that causes an interference with the property owner's possessory interest in the property." Flora v. Mountain Valley Pipeline, LLC, 2018 U.S. Dist. LEXIS 130697, *13-14 (W.D. Va., Aug. 3, 2018). To have standing to sue for trespass, the plaintiff must have the right to possess the land in issue and the concomitant right to exclude all other persons from the terrain. Kurpiel v. Hicks, 284 Va. 347, 353-54 (2012) ("[T]o recover for trespass to land, a plaintiff must prove an invasion that interfered with the right of exclusive possession of the land."); C.L. Ritter Lumber Co. v. Consolidation Coal Co., 2011 U.S. Dist. LEXIS 95131, *26-27 (W.D. Va. Aug. 25, 2011).

Counts One and Two do not state causes of action in trespass because MVP lacks title. MVP has an easement or "right of way" for the limited purpose of installing the pipeline across a federal forest. Those circumscribed rights of ingress and egress, however, are not possessory

entitlements. MVP alleges Defendants have "interfered with work" on this project by impeding its *use* of the forest floor easements. (Compl. ¶¶ 18-22.) But MVP never alleges it has a possessory interest – much less an *exclusive* possessory interest – in any easement where it suffered "substantial delays and expenses." (Compl. ¶ 19.)

Second, even should the Court conclude the Supreme Court of Virginia would recognize a tort for "interference with easements," MVP fails to state an actionable claim in Counts One and Two for economic losses resulting from transitory delays during pipeline construction. Because MVP's easement interference tort theory is so closely akin to an action for trespass, the Court should apply Virginia's trespass jurisprudence in assessing whether the company has stated a claim upon which relief may be granted for these periods of delay.

Assuming, arguendo, that a tort claim for "interference with easements" exists under Virginia common law, MVP's potential damage recovery would not exceed the limited scope of losses recoverable in an action for trespass, the Court should hold. Virginia, like many states, limits a trespass plaintiff to two narrow types of loss recoveries. A trespass plaintiff can recover either (a) the difference in value of the plaintiff's land between the pre-trespass and post-trespass periods, or (b) "'the fair value of the benefits received' by the trespasser." Ark Land Co. v. Harlan Lee Land, LLC, 2011 U.S. Dist. LEXIS 125926, *13 (E.D. Ky. Oct. 31, 2011) (applying Virginia law and quoting Preston Mining Co. v. Matney, 197 Va. 520, 524 (1955)); accord Raven Red Ash Coal Co. v. Ball, 185 Va. 534, 548 (1946); see also Duhring Res. Co. v. United States, 775 Fed. Appx. 742, 749 (3rd Cir. 2019) (applying Pennsylvania law).

Applied here, these property rights tenets foreclose MVP's attempt in Counts One and Two to recover the economic losses it claims to have sustained as a result of work delays. MVP does not allege the value of its easement is lower than it was prior to the dates in October 2023, on

which Guidry and Wagner staged one-person, limited protests there. MVP also does not claim Wagner and Guidry profited from their short-lived protests. The Court, then, should dismiss Counts One and Two because MVP fails to state in either count a claim for damages may be granted for actionable trespass or any related species of tort.

## II. COUNTS THREE AND FOUR FAIL TO STATE CLAIMS FOR CONSPIRACY UPON WHICH RELIEF MAY BE GRANTED.

In Counts Three and Four, MVP sues to recover for injuries to its business interests on two, redundant conspiracy theories. Count Three is a common law conspiracy claim. (Compl. ¶¶ 29-35.) Count Four remounts the same claim as a Virginia statutory conspiracy action. (Compl. ¶¶ 36-40.) Neither is well pled.

Statutory and common law business conspiracy claims in Virginia are subject to heightened pleading requirements. Thornlea Real Est. Ventures, LLC v. Va. CU Realty LLC, 2021 Va. Cir. LEXIS 24, *11 (Culpeper Cnty., Feb. 15, 2021) ("Under Virginia law, both statutory and common law conspiracy claims must be pled with particularity and not mere conclusory language.") State and federal courts alike impose this strict pleading requirement to prevent parties from recasting ordinary disputes as tortious conspiracies.

> Like fraud, a plaintiff must plead business conspiracy with particularity. Gov't Emps. Ins. Co. v. Google, Inc., 330 F. Supp. 2d 700, 706 (E.D. Va. 2004). The heightened pleading standard prevents all unfair competition disputes from becoming business conspiracy claims.

BHR Recovery Cmtys., Inc. v. Top Seek, LLC, 355 F. Supp. 3d 416, 425 (E.D. Va. 2018) (applying Virginia law).

MVP pleads no specific facts to establish a conspiratorial agreement between the two Defendants with one another or with others to hinder pipeline construction. MVP alleges Guidry invaded its easement on one date (October 7, 2023) and Wagner trampled upon its right of way on

a different date (October 16, 2023). MVP does not plead particularized facts to demonstrate the two Defendants coordinated their respective protests with one another as part of a conspiracy. At most, MVP pleads Guidry and Wagner shared a hostility to the MVP pipeline. But a shared viewpoint on a political or economic subject is not a conspiratorial agreement. MVP also fails to particularize its claims of damage or injury resulting from the purported conspiracy. In paragraphs 35 and 40, MVP makes the sweeping assertion that it ". . . has sustained damages, costs, expenses, and attorney fees" as a result of the conspiracies. This hardly constitutes particularized pleading.

In sum, the Court should dismiss Counts Three and Four for failure to satisfy the heightened pleading standards applicable to conspiracy claims.

**III. COUNT FIVE FAILS TO STATE A COGNIZABLE CLAIM FOR INJUNCTIVE RELIEF.**

In Count Five (Compl. ¶¶ 36-40), MVP essentially restates the requests for injunctive relief it makes in Counts One through Four. Count Five should be dismissed on both procedural and substantive grounds.

Count Five is improperly pled. An injunction is not a cause of action or a substantive claim. An injunction is an equitable remedy.

Even aside from its procedural irregularities, Count Five should be dismissed for substantive deficiency. As substantive grounds for its request for an injunction, MVP recycles its interference with easement its claims in Counts One through Four. (Compl. ¶ 43.) For the reasons explained supra, Counts One through Four fail to state viable claims. Provided the Court dismisses those preceding counts, Count Five too must be dismissed on the pleadings.

## Conclusion

For the foregoing reasons, the Court should grant the Defendants' Motion to Dismiss the Complaint them with prejudice.

DANIEL GUIDRY AND
ASHLEY STECHER WAGNER

By: /s/ Paul G. Beers
Of Counsel

Paul G. Beers (VSB # 26725)
Glenn, Feldmann, Darby & Goodlatte
111 Franklin Road, S.E., Suite 200
P. O. Box 2887
Roanoke, Virginia 24001-2887
Telephone: (540) 224-8000
Facsimile: (540) 224-8050
Email: pbeers@glennfeldmann.com

Counsel for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2024, I electronically filed the foregoing Memorandum in Support of Defendants' Motion to Dismiss with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

/s/ Paul G. Beers
Paul G. Beers