IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MOUNTAIN VALLEY PIPELINE, LLC, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 7:23-cv-727 |
| DANIEL GUIDRY, and ASHLEY STECHER WAGNER, | ) |
| Defendants. | ) |

MEMORANDUM IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS

Plaintiff Mountain Valley Pipeline, LLC ("MVP"), for its memorandum in opposition to the Rule 12(b)(6) motion of defendants Daniel Guidry and Ashley Stecher Wagner, Dkt. Nos. 8 and 9, states as follows:

I.   INTRODUCTION

The Federal Energy Regulatory Commission has issued a certificate authorizing MVP to construct and operate its pipeline. 161 FERC ¶ 61,043 (2017). Congress has declared the project in the national interest and expressly approved its completion. Pub. L. No. 118-5, 137 Stat. 10, Sec. 324 (2023). The United States Department of Interior, Bureau of Land Management, has granted MVP a right of way through the Jefferson National Forest. Dkt. Nos. 1-3, 1-4. And the United States Department of Agriculture, United States Forest Service, has issued an order closing the right of way to others. Dkt. No. 1-5. These decisions mean nothing, however, to Guidry and Wagner and opponents like them. These individuals are intent on blocking the

project no matter what. To this end, Guidry and Wagner entered the active right of way and attached themselves to equipment using sleeping dragon devices. In the process, they endangered themselves and others. Although they could have released themselves from these devices with the click of a button, Guidry and Wagner required law enforcement to travel to the scene and saw them out. Meanwhile, work on the project was stopped. Afterwards, the pipeline opponents celebrated the events on social media.

MVP brought this suit to stop Guidry and Wagner from further interference and to make them pay damages for the losses they have intentionally caused. In response, Guidry and Wagner filed a 12(b)(6) motion arguing that MVP does not have a claim. According to Guidry and Wagner, opponents can enter MVP's right of way and block work, and there is nothing MVP can do about it.

The motion to dismiss is meritless. It is universally recognized that holders of easements have the right to enforce their agreements. Holders of easements may not own the land, but they have the right to use it. And courts will prevent others from wrongfully interfering with that right.

Guidry and Wagner and their accomplices should face judgment—both criminally and civilly—for their actions. Their motion to dismiss should be denied, and this case should proceed to discovery and a trial on the merits without further delay.

II.    STANDARD OF REVIEW

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *In re Birmingham v. PNC Bank*, 846 F.3d 88, 92 (4th Cir. 2017). In analyzing a motion under Rule 12(b)(6), courts view all well-pleaded

2

allegations in the light most favorable to the plaintiff.  *Ibarra v. U.S.*, 120 F.3d 472, 474 (4th Cir. 1997). To survive a Rule 12(b)(6) motion, a complaint must contain facts, which, accepted as true, are sufficient to state a claim that is plausible on its face.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56, 570 (2007); *Prince v. Johnson Health Tech Trading, Inc.*, No. 5:22-cv-35-EKD, 2023 WL 1299252, at *4 (W.D. Va. Jan. 31, 2023).

III. COUNTS ONE AND TWO STATE A CLAIM FOR INTERFERENCE WITH EASEMENTS

Counts One and Two allege that defendants have intentionally interfered with MVP's easements to construct the pipeline.  Dkt. No. 1 at ¶¶ 23-28.  In their memorandum, defendants contend that they cannot be held liable for interfering with MVP's easements.  Dkt. No. 9 at 2-4.  It is, however, well-established in Virginia, as well as nationwide, that easements are real-property rights and entitled to protection.  *Snead v. C & S Props. Holding Co.*, 692 S.E.2d 212, 215-16 (Va. 2010); *Pizzarelle v. Dempsey*, 526 S.E.2d 260, 266 (Va. 2000); *Columbia Gas Transmission, LLC v. Grove Ave. Developers, Inc.*, 357 F. Supp. 3d 506, 528 (E.D. Va. 2019); *Restatement* (Third) *of Property (Servitudes)* § 8.1 (2000) ("A person who holds the benefit of a servitude under any provision of this Restatement has a legal right to enforce the servitude.  Ownership of land intended to benefit from enforcement of the servitude is not a prerequisite to enforcement."); Michael Allen Wolf, *Powell on Real Property* § 34.17 (2005) (stating an easement holder is entitled to maintain an action for the infringement of his easement whether or not pecuniary loss has been suffered).

3

Contrary to defendants' contention, the Supreme Court of Virginia has also recognized the tort of interference with an easement. *Waskey v. Lewis*, 294 S.E.2d 879, 882 (Va. 1982) (holding damages could be awarded for obstruction of easement); *Haywood v. Massie*, 49 S.E.2d 281, 284 (Va. 1948) (holding an action for interference with an easement can be viewed either as a nuisance or a trespass); *see also Sanderlin v. Baxter*, 76 Va. 299, 306 (1882) (stating that "in a general sense every violation of an easement may be considered a nuisance"). Circuit court cases in Virginia likewise recognize the tort of interference with an easement. *Alves v. Stanojevic*, 110 Va. Cir. 338, 2022 WL 20112508, *6 (City of Alexandria 2022); *Brooks v. Stallings*, 92 Va. Cir. 39, 2015 WL 13568060, at *11 (Augusta Cty. 2015); *Ortiz v. Flattery*, 63 Va. Cir. 309, 2003 WL 22785031, *3 (Fairfax Cty. 2003); *Zimmerman v. Brubaker,* 57 Va. Cir. 332, 2002 WL 126971, at *2-4 (Rockingham Cty. 2002).

Defendants have cited no case in Virginia or any other jurisdiction holding that easements are not enforceable against third parties.

Defendants' argument that Counts One and Two do not state a cause of action for "trespass" because MVP lacks title, Dkt. No. 9 at 3-4, fails because the counts state a claim for interference with easements, as shown above.

Defendants also contend that MVP cannot recover its "economic losses" resulting from their interference with the easements. Dkt. No. 9 at 4. Defendants assert that this Court "should apply Virginia's trespass jurisprudence" and limit damages to the difference in value of the easement before and after the interference, or the fair value of the benefits received by defendants. *Id*. This is incorrect. In Virginia, a full range of

4

compensatory damages can be recovered for losses resulting from interference with an easement. *Waskey*, 294 S.E.2d at 882 (affirming injunction prohibiting obstruction of easement and remanding for determination of damages and any "further remedy [that] may be necessary to accomplish a just result in the light of the circumstances"); *Haywood*, 49 S.E.2d at 283 (recognizing damages for interference with an easement, including lost profits, can be recovered if proven with reasonably certainty); *Alves*, 2022 WL 20112508, at *6-7 (allowing compensatory damages for rent easement holder had to pay for parking space as a result of interference); *Zimmerman*, 2002 WL 126971, at *2-4 (finding easement holder was entitled to compensatory damages resulting from obstruction of easement); *see also Dillingham v. Hall*, 365 S.E.2d 738, 739 (Va. 1988) (reversing award of compensatory damages for interference with easement because there was no evidence to support the award). Punitive damages can also be recovered where, as here, interference with an easement is done with malice or reckless disregard for the rights of others. *See Hamilton Dev. Co. v. Broad Rock Club, Inc.*, 445 S.E.2d 140, 143 (Va. 1994); *Zimmerman*, 2002 WL 126971, at *2-3; *see also Restatement* (Third) *of Property (Servitudes)* § 8.3; *Powell on Real Property* § 34.17.

The same rule applies across the country. An easement holder can recover compensatory damages for interference and can recover punitive damages for interference that is willful or malicious. *See, e.g.*, *Restatement* (Third) *of Property (Servitudes)* § 8.3 ("A servitude may be enforced by any appropriate remedy or combination of remedies, which may include declaratory judgment, compensatory damages, punitive damages, nominal damages, injunctions, restitution, and imposition of

5

liens."); Jon W. Bruce, et al., *The Law of Easements & Licenses in Land* § 8:33 (stating an easement holder can recover damages from third parties); *Powell on Real Property* § 34.17 (stating easement holder can recover compensatory damages for actual damage resulting from infringement, and can recover punitive damages for interference that is willful or malicious).

Defendants' argument that MVP cannot recover its economic losses also fails because Rule 12(b)(6) is available only to dismiss a claim in its entirety. Rule 12(b)(6) cannot be used to dismiss only a demand for relief. *Mendes v. Wendling*, No. 5:19-cv-072-EKD, 2021 WL 1113662, at *8 (W.D. Va. Mar. 23, 2021); *Seward v. Kholmuradov*, No. 7:23-cv-220-RSB, 2023 WL 6811030, at *1 (W.D. Va. Oct. 16, 2023); *Bocock v. Specialized Youth Servs. of Va. Inc.*, No. 5:14-cv-50-EKD, 2015 WL 1611387, at *2 (W.D. Va. April 10, 2015); *Charles v. Front Royal Vol. Fire & Rescue Dep't, Inc.*, 21 F. Supp. 3d 620, 629 (W.D. Va. 2014).

### IV. COUNTS THREE AND FOUR STATE CLAIMS FOR CONSPIRACY

Count Three alleges common-law conspiracy. Dkt. No. 1 at ¶¶ 29-35. Under Virginia law, a plaintiff can state a claim for common law conspiracy by alleging that the defendants combined either to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means resulting in damage to the plaintiff. *Commercial Bus. Sys., Inc. v. Bellsouth Servs., Inc.*, 453 S.E.2d 261, 267 (Va. 1995). Count Four alleges business conspiracy under Virginia Code § 18.2-499. Dkt. No. 1 at ¶¶ 36-40. Under Virginia law, a plaintiff can state a claim for conspiracy under § 18.2-499 by

6

alleging that the defendants combined for the purpose of willfully and maliciously injuring the plaintiff in his reputation, trade, business, or profession by any means whatever, resulting in injury to the plaintiff.  Va. Code § 18.2-499(A); *Dunlap v. Cottman Transmission Sys., LLC*, 754 S.E.2d 313, 317 (Va. 2014).

In their memorandum, defendants contend that Counts Three and Four are not plead with particularity as required by Federal Rule of Civil Procedure 9(b) (requiring "fraud" be plead with particularity) and, therefore, fail to state a claim.  Dkt. No. 9 at 5-6.  Defendants rely upon *BHR Recovery Communities, Inc. v. Top Seek, LLC*, 355 F. Supp. 3d 416 (E.D. Va. 2018), which likens a claim for business conspiracy to a claim for fraud and finds that claims for conspiracy must be plead with particularity to prevent "unfair competition disputes from becoming business conspiracy claims."  355 F. Supp. 3d at 425.

Rule 9 provides that, in alleging fraud, the "circumstances constituting fraud" must be stated with particularity.  Fed. R. Civ. P. 9(b).  In contrast, malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.  *Id*.  Rule 9 serves four purposes: it provides notice of the conduct complained of, protects against frivolous claims, eliminates actions in which all the facts are learned after discovery, and protects against reputational harm.  *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999); *Hyundai Emigration Corp. v. Empower-Visa, Inc.*, No. 1:09-cv-124, 2009 WL 10687986, at *3 (E.D. Va. June 17, 2009).  To plead fraud with particularity, a plaintiff must allege "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and

7

what he obtained thereby." *Id.* "A court should hesitate to dismiss a complaint under Rule 9(b) if the court is satisfied (1) that the defendant has been made aware of the particular circumstances for which she will have to prepare a defense at trial, and (2) that plaintiff has substantial prediscovery evidence of those facts." *Harrison*, 176 F.3d at 784; *TN Americas LLC v. Strang*, No. 1:23-cv-242, 2023 WL 8235204, at *5 (D. Md. Nov. 28, 2023).

Count Three does allege a claim for common-law conspiracy with particularity by stating that: (i) defendants are members of a group of individuals who are unwilling to accept the fact that the MVP project is approved and can be constructed, and they are participating in a direct action campaign aimed at stopping the project by unlawful means, Dkt No. 1 at ¶¶ 17, 29; (ii) defendants and others have agreed and combined to accomplish by concerted action the unlawful purpose of stopping or delaying work on the project by unlawful means, *id.* at ¶¶ 30-33; (iii) one of the unlawful means employed by defendants is interrupting work by attaching themselves to equipment or to the ground through sleeping dragon devices, *id.* at ¶¶ 18, 29, 33; (iv) on October 7, 2023, Guidry, and on October 16, 2023, Wagner, supported by other protesters, attached themselves to the ground by use of sleeping dragon devices on the right of way in Jefferson National Forest, *id.* at ¶¶ 20-21, 29; (v) defendants were removed by law enforcement, who had to assemble a cut team to saw through the devices in order to remove defendants, *id.* at ¶¶ 19-21 29; (vi) the unlawful interference by defendants on October 7 and 16, 2023, caused MVP to suffer substantial delays and expense, *id.* at ¶¶ 19-21, 29, 35; (vii) defendants acted willfully, intentionally, and

8

maliciously for the purpose of interfering with MVP's rights, *id.* at ¶¶ 22, 29; and (viii) as relief for Count Three, MVP seeks injunctive relief, compensatory and punitive damages, and attorney fees, *id.*, Prayer.

Count Four states a claim for conspiracy under Virginia Code § 18.2-499 by the allegations discussed above and by alleging that defendants and others have combined, associated, agreed, and mutually undertaken and acted in concert together for the purpose of willfully and maliciously injuring MVP in its reputation, trade, business, and profession, and willfully and maliciously preventing or hindering MVP from doing or performing lawful work. Dkt. No. 1 at ¶ 37.

Defendants contend that MVP has failed to allege a "conspiratorial agreement" among defendants. Dkt. No. 9 at 5. This is incorrect. The complaint alleges that defendants have agreed and combined to accomplish the unlawful purpose of interfering with MVP's easements. Dkt. No. 1 at ¶¶ 30, 31, 37. In any event, Virginia law does not require an express agreement to support a claim for conspiracy. *Tysons Toyota, Inc. v. Globe Life Ins. Co.*, 45 F.3d 428, 1994 WL 717598, *5 (4th Cir. 1994) ("A conspiracy claim does not require an express agreement; proof of a tacit understanding suffices."); *Keil v. Seth Corp.*, No. 3:21-cv-153, 2021 WL 5088242, at *16 (E.D. Va. Nov. 2, 2021) (same). What is required is that defendants have combined "by some concerted action" to accomplish their purpose. *Werth v. Fire Cos.' Adjustment Bureau*, 171 S.E. 255, 259 (Va. 1933). In other words, "[t]he foundation of a civil action of conspiracy is the damage caused by the acts committed in furtherance of the conspiracy." *Bellsouth Servs.*, 453 S.E.2d at 267. As alleged in the complaint, the concerted action of

9

defendants was their banding together to block construction on MVP's easements. Dkt. No. 1 at ¶¶ 20-22, 30, 31, 37.

In any event, defendants' Rule 9 argument also fails because only fraud-based conspiracy claims must be alleged with particularity, and Counts Three and Four do not allege fraud. *Terry v. SunTrust Banks, Inc.*, 493 F. App'x. 345, 358 (4th Cir. 2012); *Evolved Karomac Vision Corp. v. Majority Holdings Int'l*, No. 1:19-cv-269, 2019 WL 12405934, at *1 (E.D. Va. June 10, 2019); *Harrell v. Colonial Holdings, Inc.*, 923 F. Supp. 2d 813, 825–26 (E.D. Va. 2013); *Alliance Tech. Group, LLC v. Achieve 1, LLC*, No. 3:12-cv-701, 2013 WL 143500, at *9 & n.7 (E.D. Va. Jan. 11, 2013).[1]

V.      COUNT FIVE STATES A CLAIM FOR AN INJUNCTION

Count Five requests preliminary and permanent injunctive relief. Dkt. No. 1 at ¶¶ 41-43. In their memorandum, defendants argue that Count Five should be dismissed because an injunction is not a cause of action. Dkt. No. 9 at 6. Count Five should remain in the case because it incorporates Counts One through Four and injunctive relief is supported by those counts. *Pinnacle Mining Co. v. Bluestone Coal Corp.*, 624 F. Supp. 2d 530, 540 (S.D. W. Va. 2009) (denying motion to dismiss count seeking an injunction because the plaintiff "could have easily included a permanent

---

1. Defendants' assertion that Virginia law requires that Counts Three and Four be plead with particularity, Dkt. No. 9 at 5, is incorrect. Federal pleadings standards apply to the complaint. *Chesapeake Square Hotel, LLC v. Logan's Roadhouse, Inc.*, 995 F. Supp. 2d 512, 514 & n.1 (E.D. Va. 2014). Moreover, the Supreme Court of Virginia has not required particularity in pleading conspiracy *Commonwealth v. Reichl*, 105 Va. Cir. 491, 2019 WL 11868441, at *3 (City of Norfolk 2019); Kent Sinclair, *Virginia Civil Procedure* § 2:26 (7th ed. 2020).

injunction in its list of remedies sought under [other counts in the case]"); *see also TechINT Sols. Group, LLC v. Sasnett*, No. 5:18-cv-37-EKD, 2019 WL 2619539, at *6 (W.D. Va. June 26, 2019) (denying motion to dismiss count for injunction because injunctive relief could be granted based on other counts in the case).

Defendants also contend that Count Five should be dismissed on "substantive grounds" if the Court dismisses Counts One through Four.  Dkt. No. 9 at 6. This argument fails because, as shown above, Counts One through Four state claims upon which relief can be granted.

VI. CONCLUSION

For the foregoing reasons, defendants' Rule 12(b)(6) motion to dismiss should be denied.

Respectfully submitted,

MOUNTAIN VALLEY PIPELINE, LLC

By Counsel

Wade W. Massie
 VSB No. 16616
Seth M. Land
 VSB No. 75101
PENN, STUART & ESKRIDGE
P. O. Box 2288
Abingdon, Virginia  24212
Telephone:  276-628-5151
Facsimile:  276-628-5621
wmassie@pennstuart.com
sland@pennstuart.com

By  */s/ Wade W. Massie*
        Wade W. Massie

11

Bristol: 1183419-1

## CERTIFICATE OF SERVICE

I certify that on January 31, 2024, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all counsel of record.

                                                                  */s/ Wade W. Massie*
                                                                   Wade W. Massie

Bristol: 1183419-1