Mountain Valley Pipeline, LLC v.
Daniel Guidry, et al.
Case No. 7:23-cv-00727

Exhibit 1 to
Plaintiff's Motion to Amend Complaint
And to Drop A Defendant

Proposed Amended Complaint

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MOUNTAIN VALLEY PIPELINE, LLC,  )<br>　　　　　　　　　　　　　　　　　)<br>　　　　Plaintiff,　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　)<br>v.　　　　　　　　　　　　　　　　)　Case No. 7:23-cv-00727<br>　　　　　　　　　　　　　　　　　)<br>DANIEL GUIDRY,　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　)<br>　　　　Defendant.　　　　　　　　)　 | |

## AMENDED COMPLAINT

Plaintiff Mountain Valley Pipeline, LLC ("MVP"), by counsel, for its amended complaint against defendant Daniel Guidry ("Guidry"), states as follows:

## INTRODUCTION

1.　This is an action for an injunction and damages for interference with work being performed by MVP in the Jefferson National Forest. The work is authorized by a Record of Decision issued by the United States Department of Agriculture, United States Forest Service, and Record of Decision and Right of Way Grant and Temporary Use Permit issued by the United States Department of Interior, Bureau of Land Management, and defendants are prohibited from entering the right of way and interfering with the work under a Right of Way Closure Order issued by the United States Department of Agriculture, United States Forest Service. Notwithstanding these rulings, Guidry has willfully and unlawfully entered the right of way and interfered with authorized work. MVP therefore brings this action for injunctive and monetary relief.

Abingdon: 1265898-1

## PARTIES

2. MVP is a natural gas company holding a certificate from the Federal Energy Regulatory Commission ("FERC") to construct and operate a new natural gas pipeline from Wetzel County, West Virginia, to Pittsylvania County, Virginia.

3. Work on the project is expressly authorized under the Fiscal Responsibility Act of 2023, which became law on June 3, 2023. Pub. L. No. 118-5, 137 Stat. 10 (2023). In this Act, Congress found and declared that timely completion of the MVP project is required in the national interest, and Congress ratified and approved all authorizations for completion of the project. *Id.* at § 324(b), (c).

4. Guidry and the other unlawful protesters supporting him are individuals opposed to the MVP project who have entered the Jefferson National Forest to block the work that MVP is conducting there.

## JURISDICTION AND VENUE

5. This Court has jurisdiction under 28 U.S.C. § 1331, which gives district courts jurisdiction over all civil actions "arising under the Constitution, laws, or treaties of the United States."

6. Specifically, this action involves the application, interpretation, and enforcement of the Record of Decision of the United States Department of Agriculture, United States Forest Service, and Record of Decision and Right of Way Grant and Temporary Use Permit issued by the United States Bureau of Land Management and the Closure Order entered by the United States Forest Service. The Right of Way Grant and

Temporary Use Permit were issued pursuant to 30 U.S.C. § 185, and the Closure Order was entered pursuant to 16 U.S.C. § 551.

7. Congress expressly ratified and approved these agency authorizations in the Fiscal Responsibility Act, and it directed the agencies to continue to maintain these authorizations and others necessary for the construction of the MVP pipeline. Section 324 of the Act expressly supersedes any law that is inconsistent with these authorizations.

8. Although the Court has federal question jurisdiction as to defendants, the Court also has jurisdiction under 28 U.S.C. § 1332, based on diversity of citizenship and amount in controversy.

9. For purposes of diversity jurisdiction, MVP is a citizen of Pennsylvania, Florida, New York, Delaware, Virginia, Texas, and Ohio. Guidry is a citizen of Georgia and formerly Louisiana. As a result, there is complete diversity of citizenship between the parties.

10. The amount in controversy exceeds $75,000 exclusive of interest and costs.

11. Venue is proper under 28 U.S.C. § 1391(b) in that the events in question occurred in this district.

## FACTS

12. The MVP project runs from Wetzel County, West Virginia, to Pittsylvania County, Virginia, and its crosses approximately 3.5 miles of the Jefferson

National Forest in Monroe County, West Virginia, and Giles County and Montgomery County, Virginia.

13. On May 15, 2023, the United States Department of Agriculture, United States Forest Service, issued a Record of Decision approving the Right of Way Grant and Temporary Use Permit to MVP to cross the Jefferson National Forest. A copy of the Record of Decision is attached as Exhibit 1.

14. On May 17, 2023, the United States of Interior, Bureau of Land Management, issued a Record of Decision authorizing the Right of Way Grant and Temporary Use Permit to MVP to cross the Jefferson National Forest. A copy of the Record of Decision is attached as Exhibit 2.

15. On June 20, 2023, the United States Department of Interior, Bureau of Land Management, issued a Right of Way Grant and Temporary Use Permit for the MVP project. A copy of the Right of Way Grant is attached as Exhibit 3, and a copy of the Temporary Use Permit is attached as Exhibit 4.

16. On July 1, 2023, the United States Department of Agriculture, United States Forest Service issued a Right of Way Closure Order for the MVP project. A copy of the Right of Way Closure Order is attached as Exhibit 5.

17. Guidry and the other unlawful protesters supporting him are members of a group of individuals who are unwilling to accept the fact that the MVP project is approved and can be constructed. Guidry and the other unlawful protesters supporting him are participating in a direct action campaign aimed at stopping the project by unlawful means.

18. One of the primary tactics of the campaign is for unlawful protesters to enter the right of way and attach themselves to equipment or to the ground through sleeping dragon devices.

19. Although the unlawful protesters using the sleeping dragon devices can release themselves from the devices, law enforcement is required to assemble a cut team to saw through the devices in order to remove the individuals. As a result, removal of these individuals requires substantial resources of law enforcement and causes substantial delays and expenses for MVP.

20. On October 7, 2023, Guidry, supported by other unlawful protesters, attached himself to the ground on the right of way in Jefferson National Forest in Giles County and interfered with work. Guidry attached himself using a sleeping dragon device, and he had to be extracted by law enforcement.

21. Guidry acted willfully, intentionally, and maliciously for the purpose of interfering with MVP's rights and work allowed under the Right of Way Grant and Temporary Use Permit and the Closure Order.

22. As a direct and proximate result, MVP has sustained damages, costs, and attorney fees.

23. As a direct and proximate result, MVP has sustained irreparable harm, and it is entitled to preliminary and permanent injunctive relief.

## COUNT ONE–FOR INTERFERENCE WITH MVP'S EASEMENT AND AUTHORIZED WORK

24. MVP adopts and incorporates by reference its allegations in paragraphs 1-23 above.

25. By attaching himself to the ground and refusing to leave, defendant Guidry violated the rights of MVP under the Right of Way Grant and Temporary Use Permit and Closure Order.

26. As a direct and proximate result, MVP has sustained damages, costs, expenses, and attorney fees, and MVP is entitled to preliminary and permanent injunctive relief.

## COUNT TWO–FOR COMMON LAW CONSPIRACY

27. MVP adopts and incorporates by reference its allegations in paragraphs 1-26 above.

28. Guidry and the other unlawful protesters supporting him have agreed and combined to accomplish by concerted action an unlawful purpose.

29. Guidry and other unlawful protesters supporting him formed a plan and agreement to enter the right of way in the Jefferson National Forest in order to interfere with work on the MVP project.

30. Further, Guidry and other unlawful protesters supporting him formed a plan and agreement to attach Guidry to the ground on the right of way in the Jefferson National Forest in order to stop work there.

31. Guidry and other unlawful protesters supporting him carried out the plan by constructing and transporting a sleeping dragon device that Guidry could use to attach himself to the ground.

32. Guidry and other unlawful protesters supporting him gathered in the Jefferson National Forest and entered MVP's right of way to carry out the plan.

33. Guidry and other unlawful protesters supporting him arranged for Guidry to have supplies for the attachment.

34. Guidry and other unlawful protesters supporting him arranged for Guidry to have a sign promoting the unlawful action. The sign said: "Defend the Forest–Everywhere."

35. The other unlawful protesters supporting Guidry took pictures of Guidry and arranged for the pictures to be posted on social media with messages praising the unlawful actions.

36. Guidry made statements to social media asking others to join in the unlawful effort, stating "Only together, all of us, can we succeed."

37. Guidry could not have carried out the attachment without assistance from the other unlawful protesters. Guidry and the other unlawful protesters supporting him worked together to carry out their unlawful plan and agreement.

38. The unlawful purpose of Guidry and the other unlawful protesters supporting him was to delay or stop work on a project that Congress, the agencies, and the courts have determined should proceed.

39. Guidry and the other unlawful protesters supporting him have attempted to accomplish their purpose by unlawful means.

40. The unlawful means include interference with the rights and easements of MVP in violation of the Right of Way Grant and Temporary Use Permit and Closure Order.

41. Each participant engaged in the common law conspiracy is jointly and severally liable for acts in furtherance of the conspiracy.

42. As a direct and proximate result, MVP has sustained damages, costs, expenses, and attorney fees, and it is entitled to injunctive relief.

## COUNT THREE–FOR STATUTORY CONSPIRACY

43. MVP adopts and incorporates by reference its allegations in paragraphs 1-42 above.

44. In violation of Virginia Code § 18.2-499A, defendant Guidry and other unlawful protesters supporting him have combined, associated, agreed, and mutually undertaken and acted in concert together for the purpose of (i) willfully and maliciously injuring MVP in its reputation, trade, business, and profession and (ii) willfully and maliciously preventing or hindering MVP from doing or performing lawful work.

45. Guidry and the other unlawful protesters supporting him are carrying out this statutory conspiracy through unlawful acts—interfering with MVP's rights and

easements and violating the Right of Way Grant and Temporary Use Permit and Closure Order.

46. Each participant in the statutory conspiracy is jointly and severally liable for acts in furtherance of the conspiracy.

47. As a direct and proximate result of this statutory conspiracy, MVP has sustained damages, costs, expenses, and attorney fees and it is entitled to injunctive relief.

## PRAYER

WHEREFORE, MVP prays that the Court:

1. Grant a preliminary and permanent injunction against defendant Guidry prohibiting him from:

    (a) Entering MVP's easements;

    (b) Blocking access to MVP's easements;

    (c) Otherwise interfering with MVP's easements or the work of its contractors thereon;

    (d) Aiding, abetting, encouraging, or promoting any activities being enjoined by the Court; and

    (e) Soliciting or accepting money or other contributions for such activities.

2. Make the injunctions binding on defendant Guidry and his agents, servants, and employees and others in active concert and participation with him who have notice of the injunction.

9

      3.     Award MVP compensatory damages against defendant Guidry.

      4.     Award MVP punitive damages against defendant Guidry.

      5.     Award MVP treble damages against defendant Guidry under Count Three.

      6.     Award MVP its costs, expenses, and attorney fees.

      7.     Grant such other relief as the nature of the case may require.

Respectfully submitted,

MOUNTAIN VALLEY PIPELINE, LLC

By Counsel

Wade W. Massie
 VSB No. 16616
Seth M. Land
 VSB No. 75101
PENN, STUART & ESKRIDGE
P. O. Box 2288
Abingdon, Virginia 24212
Telephone: 276-628-5151
Facsimile: 276-628-5621
wmassie@pennstuart.com
sland@pennstuart.com

By_____
     Wade W. Massie

## CERTIFICATE OF SERVICE

I hereby certify that on March ___, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

_____
Wade W. Massie

11