IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MOUNTAIN VALLEY PIPELINE, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case Number: 7:23CV00727 |
| ) | |
| DANIEL GUIDRY, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COUNTS TWO AND THREE OF AMENDED COMPLAINT**

Statement of the Case

With leave of Court, Plaintiff Mountain Valley Pipeline, LLC ("MVP") filed an Amended Complaint (Document 21) against the remaining defendant, Daniel Guidry ("Guidry"), on March 19, 2024. Guidry filed his Responsive Pleadings (Documents 24 and 25) this day. In his Responsive Pleadings, Guidry asserts his Fifth Amendment right not to incriminate himself[1] and moves to dismiss MVP's Count Two for common law conspiracy (Am. Compl. ¶¶ 27-42) and Count Three for statutory business conspiracy (Am. Compl. ¶¶ 43-47). Guidry moves to dismiss both conspiracy counts pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Guidry submits this memorandum in support of his Motion to Dismiss the conspiracy claims advanced by MVP in Counts Two and Three of the Amended Complaint.[2]

---

[1] Guidry is charged in Giles County with violating state law on October 7, 2023, in connection with MVP's pipeline construction project. Three criminal warrants are pending against Guidry in that jurisdiction.

[2] Guidry invokes his right to be tried on Counts One, Two, and Three before a jury to the extent any of those Counts are not dismissed on the pleadings or otherwise prior to trial.

Argument

Standard of Review

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of a complaint. To withstand a Rule 12(b)(6) challenge, the complaint must contain sufficient factual information to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Conclusory assertions that the plaintiff is entitled to relief cannot stand in for specific factual allegations. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009). The Court must assume all well-pleaded factual allegations are true and determine whether, viewed in the light most favorable to the plaintiff, they "plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009).

**COUNTS TWO AND THREE FAIL TO STATE CLAIMS IN CONSPIRACY UPON WHICH RELIEF MAY BE GRANTED.**

    A.    The Twin Conspiracy Counts Fail To State Cognizable Claims Because MVP Sues Guidry Only.

Count One is a substantive claim against Guidry for interring with MVP's Jefferson National Forest easement on October 7, 2023. (Am. Compl. ¶¶ 20; 24-26.) In Counts Two and Three, MVP again names Guidry as the sole defendant. MVP purports to allege common law (Count Two) and statutory conspiracy (Count Three) claims arising out of the same incident on the same date at issue in Count One – October 7, 2023.

Counts Two and Three make clear the same incident at issue in both conspiracy claims is Guidry's alleged attachment to MVP's easement or right of way in the Giles County section of the Jefferson National Forest on October 7, 2023. See also MVP's Motion to Amend Complaint and to Drop a Defendant (Document 19), ¶ 5 ("MVP submits that it would be more efficient to address the incident on October 7, 2023, in this case, and to address the incident on October 16, 2023, in

the *Ateto* case, rather than have two different cases involving the same incident."). Counts Two and Three are foreclosed as a matter of law by Gelber v. Glock, 293 Va. 497 (2017). There, Justice McClanahan, writing for a unanimous Supreme Court of Virginia, adopted the rule followed in several other jurisdictions that a plaintiff may not bring a civil conspiracy claim against a single defendant who also is the sole person named in a substantive tort count which underlies the alleged conspiracy.  Id. at 535.

At issue in Glock was the enforceability of testamentary instruments a deceased dowager executed shortly before she went to her reward.  The writings in controversy conveyed the testator's estate in vivos to her adult daughter, Meryl.  The testator's executors sued to set aside the testator's death bed conveyances to Meryl. The executors' complaint contained counts for on grounds of undue influence and fraud and sought rescission of the testamentary instruments alleged to be tainted by undue influence.

In an amended complaint the executors added a civil conspiracy claim against Meryl and two of her family members.  The executors alleged Glock acted in concert with two co-conspirators (Linda and Phillip) to wrest her mother's wealth from other beneficiaries. Significantly, even after this amendment adding a civil conspiracy claim, Meryl remained the sole defendant.  Glock, 293 Va. at 505 ("the Executors added a count alleging a civil conspiracy between Meryl and her sister and brother-in-law, Linda and Phillip Landa, though Meryl remained the sole defendant.").  After the Circuit Court of Henrico County struck the civil conspiracy count and dismissed the amended complaint, the executors appealed.

The Supreme Court of Virginia affirmed the circuit court's rejection of the executors' civil conspiracy count.  Civil conspiracy differs in its essential elements from the crime of conspiracy, Justice McClanahan emphasized.  Meryl was the sole defendant named in both the substantive

3

counts for undue influence and fraud, and the inchoate count for civil conspiracy. This conspiracy claim against Meryl alone failed as a matter of law because the function and purpose of *civil* conspiracy is to establish vicarious or joint liability among several named defendants. Conspiracy theories of liability do not operate against a single defendant when that lone defendant is also sued for the substantive tortious conduct underlying the conspiracy, the Glock Court established.

> Although they have identified Linda and Philip as co-conspirators, they contend that it is Meryl who obtained the property through undue influence and fraud and have named her as the sole defendant from whom they seek relief. Under these facts, a claim for civil conspiracy against Meryl is not a proper mechanism by which the Executors can obtain rescission.

Glock, 293 Va. at 535.

In reaching this conclusion, the Glock Court quoted with approval an opinion published by the United States District Court for the District of Utah, Boisjoly v. Morton Thiokol, Inc., 706 F. Supp. 795, 803 (D. Utah 1988). Justice McClanahan found particularly persuasive the federal court's observation that civil conspiracy – unlike its criminal counterpart – is a device to facilitate *joinder* of co-conspirators and recovery of damages from *both* the defendant who committed the tortious act in issue and the other defendant(s) who conspired with that tortfeasor.

> Civil conspiracy is essentially a tool allowing a plaintiff injured by the tort of one party to join and recover from a third party who conspired with the tortfeasor to bring about the tortious act.

Boisjoly, 706 F. Supp. at 803.

See Glock, 293 Va. at 534-35 (quoting Boisjoly, 706 F. Supp. at 803).

Because civil conspiracy exists to permit joinder of co-conspirators and recovery against multiple defendants for torts committed by one of their number, a count for conspiracy may not proceed in tandem with a substantive count involving the same conduct against the same, individual defendant, the Utah federal court explained.

> Because civil conspiracy is a tool for establishing vicarious liability, it cannot be maintained in a suit involving a single defendant where the same underlying torts are also asserted by separate counts against the same defendant.

Boisjoly, 706 F. Supp. at 803-04.

See Glock, 293 Va. at 535 (quoting Boisjoly, 706 F. Supp. at 803-04).

The rule adopted by the Supreme Court of Virginia in Glock, 293 Va. at 535 disposes of MVP's common law and statutory conspiracy claims against Guidry. Those conspiracy claims against Guidry involve the same incident on October 7, 2023, at issue in MVP's Count One against Guidry for easement interference, a substantive cause of action. Counts Two and Three should be dismissed under Glock pursuant to Rule 12(b)(6).

    B.    <u>Alternatively, The Court Should Dismiss Counts Two And Three For Failure To Satisfy The Heightened Pleading Requirements For Civil Conspiracy Claims</u>.

Even assuming, arguendo, civil conspiracy could be a proper vehicle for recovery here, the Court should dismiss Counts Two and Three as insufficiently pleaded.

Statutory and common law conspiracy claims are subject to heightened pleading strictures. "Under Virginia law, both statutory and common law conspiracy claims must be pled with particularity and not mere conclusory language." Thornlea Real Est. Ventures, LLC v. Va. CU Realty LLC, 2021 Va. Cir. LEXIS 24, *11 (Culpeper County, Feb. 15, 2021); accord, BHR Recovery Cmtys., Inc. v. Top Seek, LLC, 355 F. Supp. 3d 416, 425 (E.D. Va. 2018).

"[L]ike fraud," Judge Cullen observed recently, conspiracy "also must be pleaded with particularity." NetTax, LLC v. Posso Pizza, Inc., 2024 U.S. Dist. LEXIS 13384, *30 (Jan. 24, 2024, W.D. Va.). Judge Cullen used a simile to illustrate the heightened pleading requirement for business conspiracy by referring to the heightened pleading requirement for fraud. Id. But Virginia courts apply a heightened pleading standard for conspiracy even absent any allegations of fraud.

5

360 Painting, LLC v. Misiph, 2023 U.S. Dist. LEXIS 121493, *23 (July 13, 2023, W.D. Va.) (Moon, J.) (holding, despite absence of fraud count, "Plaintiff must plead business conspiracy with particularity"); GMS Indus. Supply v. G&S Supply, LLC, 441 F. Supp. 3d 221, 237 (E.D. Va. 2020) (observing, in action not based on fraud, "Each type of conspiracy is subject to a heightened pleading requirement."); see Danville Com. Indus. Storage, LLC v. Selective Ins. Co. of S.C., 2018 U.S. Dist. LEXIS 212502 (Dec. 18, 2018, W.D. Va.) (dismissing conspiracy claim under the Iqbal and Twombly standards because the claims were not pleaded with particularity); TradeStaff & Co v. Nogiec, 77 Va. Cir. 77 (Chesapeake 2008); Darton Environmental, Inc. v. FJUVO Collections, LLC, et al., 332 F. Supp. 3d 1022, 1036 (W.D. Va. 2018) (quoting A Society Without A Name v. Virginia, 655 F.3d 342, 346 (4th Cir. 2011)); Power Home Solar, LLC v. Sigora Solar, LLC, 2021 U.S. Dist. LEXIS 163753, *32 (Aug. 30, 2021, W.D. Va.); Azalea Spa & Nails, Inc. v. Zhidong Zhang, 2023 U.S. Dist. LEXIS 203218 at *8 (Nov. 13, 2023, E.D. Va.); Wilkinson v. St. Pierre, 97 Va. Cir. 21, 25 (Chesterfield County 2017).

Counts Two and Three do not satisfy this heightened pleading standard. Reduced to its essentials, MVP's claim is that on October 7, 2023, pipeline opponents carried a "sleeping dragon" device onto the company's federal easement, assisted Guidry attach himself to that right of way in an "attempt[]" to interfere with MVP's project, and then posted triumphal messages about this protest on unidentified social media sites. (Am. Compl. ¶¶ 35-39.)[3]  As a result of this "attempt[]"

---

[3] MVP's suggestion that pipeline opponents posted First Amendment-protected messages on "social media" does not assist it in meeting the stringent standard for pleading conspiracy in Virginia. See Bumgarner v. Fischer, 101 Va. Cir. 65, 67 (Richmond 2019) ("the Court finds that utilizing online services available to the general public to create websites and promote news articles does not satisfy the necessary requirement of concerted action or attempted concerted action to allege a claim of statutory conspiracy."); Marfork Coal Co v. Smith, 2011 U.S. Dist. LEXIS 29598, *31 (Mar. 17, 2011, S.D. W. Va.) (internal quotations omitted) ("Peaceful speech, even speech that urges civil disobedience, is fully protected by the First Amendment.").

by Guidry and his supporters ". . . to accomplish their purpose by unlawful means" (Am. Compl. ¶ 39), MVP allegedly has "sustained damages" and "irreparable harm."   (Id. at 22-23; 26; 42; 47.)

These allegations are insufficient. They are nonspecific and conclusory, especially with respect to any harm or damage sustained by MVP as a result of Guidry's attachment to a tiny portion of its 3.5 mile easement in the Jefferson National Forest.  MVP does not plead Guidry actually delayed the pipeline project. MVP pleads Guidry and co-conspirators "planned" and intended to stop work there.  (Am. Compl. ¶¶ 29-30; 38-39.)   Absent from the Amended Complaint are any *specific* allegations concerning how long Guidry attached himself on October 7, 2023, to MVP's right of way and the extent to which MVP sustained actual damages and "irreparable" harm as a proximate result of this single incident in the course of a pipeline construction project delayed for years by perfectly appropriate administrative agency investigations and work stoppage orders as well as by federal court rulings.

MVP's failure to plead with specificity the extent to which Guidry's protest on October 7, 2023, actually damaged and "irreparably" harmed the company is fatal to its conspiracy claims under Virginia law.  Unlike the crime of conspiracy, which is complete upon formation of the conspiratorial agreement, civil conspiracy requires actual execution of that plan and tangible, resulting damage to the plaintiff. Almy v. Grisham, 273 Va. 68, 81 (2007) (sustaining demurrer to civil conspiracy claim and observing, "The gist of the civil action of conspiracy is the damage caused by the acts committed in pursuance of the formed conspiracy and not the mere combination of two or more persons to accomplish an unlawful purpose or use an unlawful means."); accord Gelber v. Glock, 293 Va. 497, 533-34 (2017) ("No cause of action exists without the resulting injury, and the damage produced must arise as the effective result of the conspiracy."); Dunlap v. Cottman Transmission Systems, LLC, 287 Va. 207, 215 (2014) ("[A]ctions for common law civil

7

conspiracy and statutory business conspiracy lie only if a plaintiff sustains damages as a result of an act that is itself wrongful or tortious").

Applying these Virginia conspiracy principles, the Court should conclude Counts Two and Three fail to state cognizable claims. Absent from the Amended complaint are any specific allegations concerning damages MVP supposedly sustained as a direct consequence of Guidry's attachment to a few feet of its easement for an unspecified period of time on a single occasion. Because actual, tangible injury is an essential element of civil conspiracy, Counts Two and Three should be dismissed for factual insufficiency.

## Conclusion

For the foregoing reasons, the Court should dismiss Counts Two and Three of the Amended Complaint with prejudice.

DANIEL GUIDRY


By: /s/ Paul G. Beers
     Of Counsel

Paul G. Beers (VSB # 26725)
Glenn, Feldmann, Darby & Goodlatte
111 Franklin Road, S.E., Suite 200
P. O. Box 2887
Roanoke, Virginia 24001-2887
Telephone: (540) 224-8000
Facsimile: (540) 224-8050
Email: pbeers@glennfeldmann.com
Counsel for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on April 1, 2024, I electronically filed the foregoing Defendant's Memorandum in Support of Motion to Dismiss Counts Two and Three of Amended Complaint with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

/s/ Paul G. Beers
Paul G. Beers