IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MOUNTAIN VALLEY PIPELINE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 7:23-cv-727 |
| | ) | |
| DANIEL GUIDRY, | ) | |
| | ) | |
| Defendant. | ) | |

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS COUNTS TWO AND THREE OF AMENDED COMPLAINT

Plaintiff Mountain Valley Pipeline, LLC ("MVP"), for its response to defendant's Motion to Dismiss Counts Two and Three of Amended Complaint, Dkt. Nos. 24 and 26, states as follows:

I. STATEMENT OF THE CASE

On November 8, 2023, MVP filed suit against defendant Daniel Guidry and Ashley Wagner to enjoin them from further interference with MVP's easements and to make them pay damages for the losses they caused. Dkt. No. 1. In response, Guidry and Wagner filed a motion to dismiss the complaint for failure to state a claim. Dkt. No. 8.

At the hearing on March 4, 2024, the Court denied the motion to dismiss as to the claims for intentional interference with MVP's easements. Dkt. No. 15. The Court granted the motion, without prejudice, as to the claims for common law conspiracy and statutory conspiracy. *Id*. The Court also granted the motion as to the separate count for an injunction, but stated that MVP could seek injunctive relief under the other counts. *Id.*

On March 19, 2024, the Court entered an order granting MVP's unopposed motion to amend, Dkt. No. 20, and MVP filed its amended complaint, Dkt. No. 21. MVP has dropped Wagner as a defendant in this case and has added her as a defendant in *Ateto*, Case No. 7:23-cv-809.

In the amended complaint against Guidry, MVP is reasserting its claim for intentional interference with MVP's easements (Count One) and its claims for conspiracy (Counts Two and Three) with additional facts in support of those claims. Dkt. No. 21.

Guidry has now filed a motion to dismiss the claims for conspiracy in MVP's amended complaint. Dkt. Nos. 24 and 26. For the reasons that follow, Guidry's motion should be denied.

## II. MVP IS NOT REQUIRED TO JOIN CO-CONSPIRATORS IN ORDER TO STATE A CLAIM FOR CONSPIRACY

In his motion to dismiss, Guidry contends that MVP's claims for conspiracy should be dismissed because MVP has not named other conspirators as defendants in this action. Dkt. No. 26 at 2-5. This contention is without merit.

In federal cases, questions of joinder are governed by federal law, although the court may look to state law to determine the interests of the parties. *PHH Mortg. Corp. v. Old Republic Nat'l Title Ins. Co.*, 80 F.4th 555, 560 (5th Cir. 2023); *Doermer v. Oxford Fin. Grp., Ltd.*, 884 F.3d 643, 646 (7th Cir. 2018); *Pasquotank Action Council, Inc. v. City of Virginia Beach*, 909 F. Supp. 376, 380 (E.D. Va. 1995); *Mut. Ben. Life Ins. Co. in Rehab. v. Carol Mgmt. Corp.*, No. 1:93-cv-7991, 1994 WL 570154, at *2 (S.D.N.Y. Oct. 13, 1994).

Under Federal Rule of Civil Procedure 19, joint tortfeasors and co-conspirators are not required to be joined as defendants. *Temple v. Synthes Corp.*, 498 U.S. 5, 7, (1990) ("It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit."); *Georgia v. Pennsylvania R. Co.*, 324 U.S. 439, 463 & n.9 (1945) ("In a suit to enjoin a conspiracy not all the conspirators are necessary parties defendant."); *In re Cotton Yarn Antitrust Litig.*, 505 F.3d 274, 284 (4th Cir. 2007) ("[T]he fact remains that co-conspirators are not necessary parties; a plaintiff can prove the existence of a conspiracy in an action against just one of the members of the conspiracy."); *Herpich v. Wallace*, 430 F.2d 792 (5th Cir. 1970) ("Rule 19, as amended in 1966, was not meant to unsettle the well-established authority to the effect that joint tortfeasors or coconspirators are not persons whose absence from a case will result in dismissal for non-joinder."); *Spheretex GmbH v. Carbon-Core Corp.*, No. 3:20-cv-53, 2022 WL 1251315, at *5 (W.D. Va. Apr. 27, 2022) (collecting cases); *Marshall v. James B. Nutter & Co.*, 816 F. Supp. 2d 259, 265 (D. Md. 2011) ("Indeed, courts at every level, including the Supreme Court of the United States, the Federal Rules of Civil Procedure themselves, and numerous commentators have recognized that Rule 19 does not mandate joinder of co-conspirators."); Fed. R. Civ. P. 19 advisory committee note (stating that Rule 19 does not alter the "settled authorities holding that a tortfeasor with the usual 'joint and several' liability is merely a permissive party to an action against another with like liability").

Under state law, an action for conspiracy may be maintained against a single conspirator without naming the others as defendants. *E.g., Alexander &*

*Alexander, Inc. v. B. Dixon Evander & Assocs., Inc.*, 596 A.2d 687, 698 (Md. Ct. Spec. App. 1991) (collecting cases from Maryland, California, Georgia, Michigan, New Jersey, North Carolina, Texas, Washington, and Delaware); 16 *Am. Jur. 2d* Conspiracy § 68; 15A *C.J.S.* Conspiracy § 27. The rule is the same in other actions involving joint tortfeasors. *Hogan v. Miller*, 157 S.E. 540, 542 (Va. 1931) ("'Co-trespassers are jointly and severally liable, and the party injured may sue all of them jointly, or two or more of them jointly, or one of them severally, as he may see proper.'") (quoting *Staunton Mut. Tel. Co. v. Buchanan*, 62 S.E. 928, 929 (Va. 1908)).

Guidry contends that a claim for conspiracy "do[es] not operate against a single defendant when that lone defendant is also sued for substantive tortious conduct underlying the conspiracy." Dkt. No. 26 at 4. This is not correct. In several federal and state cases in Virginia, the plaintiff stated claims for conspiracy and claims for underlying torts without naming co-conspirators as defendants. *See L-3 Commc'ns Corp. v. Serco, Inc.*, 926 F.3d 85, 88-89 (4th Cir. 2019) (reversing summary judgment for defendant and remanding for trial on claims of common law and statutory conspiracy although alleged co-conspirator (Jaxson) was not named as defendant); *AWP, Inc. v. Commonwealth Excavating, Inc.*, No. 5:13-cv-31, 2013 WL 3830500, at *1, 5 (W.D. Va. July 24, 2013) (holding plaintiff stated claim for statutory conspiracy against defendant although co-conspirator (Watkins) was not named as defendant); *Williams v. Dominion Tech. Partners, L.L.C.*, 576 S.E.2d 752, 756 (Va. 2003) (noting that "[a]lthough the allegations . . . relevant to the business conspiracy count named ACSYS as a party to the alleged conspiracy, ACSYS was not named as a defendant in the suit"); *Com. Bus. Sys., Inc. v.*

*Bellsouth Servs., Inc.*, 453 S.E.2d 261, 263, 267 (Va. 1995) (reversing summary judgment for defendant and remanding for trial on claims for common law and statutory conspiracy although alleged co-conspirator (Halifax) was not named as defendant); *Allen Realty Corp. v. Holbert*, 318 S.E.2d 592, 596 (Va. 1984) (reversing granting of demurrer on claim of statutory conspiracy although alleged co-conspirators (Kunzman and Roberts) were not named as defendants); *see also Hilb, Rogal & Hamilton Co. of Richmond v. DePew*, 440 S.E.2d 918, 920 (Va. 1994) (reversing motion to strike plaintiff's claim of conspiracy against defendant although action was stayed against co-conspirator (Menster) before trial).

Guidry relies on *Gelber v. Glock*, 800 S.E.2d 800 (Va. 2017), but that case does not support dismissal of MVP's conspiracy claims. In that case, Gelber conveyed her home to Glock two months prior to her death. Gelber filed suit against Glock alleging undue influence and fraud in connection with the conveyance. After Gelber died, her executors added a count alleging conspiracy between Glock and others, although Glock remained the sole defendant. At trial, the executors did not prove damages and sought only rescission of the deed of gift to Glock. *Id*. at 821. At the close of Gelber's evidence, the circuit court granted Glock's motion to strike as to all of the claims.

On appeal, the Supreme Court held that Glock presented sufficient evidence of undue influence and fraud and that the circuit court erred in granting the motion to strike as to these claims. As to the claim of conspiracy, the Court held that the circuit court did not err in granting the motion to strike. The Court reasoned that because

the executors did not prove damages and sought rescission based on undue influence and fraud, conspiracy "was not a proper mechanism by which the Executors can obtain rescission." 800 S.E.2d at 821.

In *Gelber*, the Court did not hold that conspiracy was not a proper mechanism to obtain damages against Glock. The Court merely held that conspiracy requires proof of damages, and, under the circumstances, it was not a proper mechanism to obtain rescission. As stated above, federal and state cases in Virginia have allowed claims for conspiracy to proceed with claims for the underlying torts although the alleged co-conspirators are not named as defendants. *See L-3 Commc'ns Corp*, 926 F.3d at 88; *AWP,* 2013 WL 3830500, at *5; *Williams*, 576 S.E.2d at 756; *Bellsouth Servs.,* 453 S.E.2d at 263.

Because there is no reason under federal or state law to dismiss MVP's claims for conspiracy, Guidry's motion to dismiss should be denied.

## III. MVP HAS STATED SUFFICIENT FACTS TO SUPPORT ITS CLAIMS FOR CONSPIRACY

Guidry contends that Counts Two and Three do not allege conspiracy with particularity and, therefore, fail to state a claim. Dkt. No. 17 at 5-6. Guidry relies on a line of cases that liken a claim for conspiracy to a claim for fraud and finds that claims for conspiracy must be plead with particularity. Dkt. No. 26 at 5-6. Guidry omits, however, the cases concluding that the requirement to plead conspiracy with particularity is limited to instances where fraud is the underlying tort. *Terry v. SunTrust Banks, Inc.*, 493 F. App'x. 345, 358 (4th Cir. 2012); *Evolved Karomac Vision Corp. v. Majority*

*Holdings Int'l*, No. 1:19-cv-269, 2019 WL 12405934, at *1 (E.D. Va. June 10, 2019); *Harrell v. Colonial Holdings, Inc.*, 923 F. Supp. 2d 813, 825–26 (E.D. Va. 2013); *Alliance Tech. Group, LLC v. Achieve 1, LLC*, No. 3:12-cv-701, 2013 WL 143500, at *9 & n.7 (E.D. Va. Jan. 11, 2013). Under these cases, MVP's conspiracy claims are not based on fraud so the heighted pleading standard of Rule 9 does not apply.

The standard for pleading conspiracy is set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). In that case, the Supreme Court held that in order to plead conspiracy, the plaintiff must allege "enough factual matter (taken as true) to suggest that an agreement was made." *Id*. at 556. The Court cautioned that "[a]sking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement." *Id*. Notably, the Court stated "we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. A heightened pleading standard simply does not exist for conspiracy claims that are not based on fraud.

In any event—and regardless of the pleading standard to be applied—MVP has alleged specific facts showing that Guidry and his fellow unlawful protesters engaged in a conspiracy to harm MVP. These facts include the following:

- Guidry and other unlawful protesters formed a plan and agreement to enter MVP's right of way in the Jefferson National Forest in order to interfere with its work on the project, Dkt. 21 ¶ 29;

- Guidry and other unlawful protesters further formed a plan to attach Guidry to the ground on the right of way in order to interfere with work, *id*. ¶ 30;
- Guidry and other unlawful protesters carried out the plan by constructing and transporting a sleeping dragon device for Guidry to use, *id*. ¶ 31;
- Guidry and other unlawful protesters gathered in the National Forest and entered MVP's right of way to carry out the plan, *id*. ¶ 32;
- Guidry and other unlawful protesters arranged for Guidry to have supplies for the attachment, *id*. ¶ 33;
- Guidry and other unlawful protesters arranged for Guidry to have a sign to promote the unlawful action, *id*. ¶ 34;
- The other unlawful protesters took pictures of Guidry and posted them on social media with messages asking others to join in the unlawful effort, *id*. ¶¶ 35, 36;
- Guidry could not have carried out the attachment without assistance from other unlawful protesters, *id*. ¶ 37;
- Guidry and the other unlawful protesters supporting him worked together to carry out their unlawful plan and agreement, *id*.;

- The unlawful action interfered with work on the project, *id* ¶ 20;
- The interference caused MVP to suffer substantial delays and expenses, *id.* ¶ 19; and
- As a direct and proximate result, MVP has sustained damages, *id*. ¶¶ 42, 47.

In support of his motion to dismiss the original complaint, Guidry and Wagner argued that MVP had only alleged unconnected parallel conduct, rather than concerted unitary action, and that the conspiracy claims should be dismissed for that reason. Dkt. No. 9 at 6-7; Dkt. No. 12 at 3. Now that the case involves joint conduct during a single incident, Guidry no longer makes this argument.

Finally, Guidry claims that MVP's allegations are insufficient to show that MVP was "actually damaged" by the conspiracy. Dkt. No. 26 at 7. Specifically, Guidry claims that MVP has not shown "actual execution" of the plan and "tangible, resulting damage" to MVP. *Id*. This is not correct. As stated in the amended complaint, Guidry, aided by her co-conspirators, entered MVP's right of way and attached to the ground with a sleeping dragon device, constructed and transported by her co-conspirators, Dkt. No. 21 ¶¶ 20, 31-33, 37, and thereby interfered with work in the right of way, causing MVP substantial delays and expenses, *id*. ¶¶ 19-20, 42, 47.

Guidry does not cite any cases supporting his contention that allegations like these fail to state a claim for damages for conspiracy, and MVP is aware of none. The cases cited by Guidry merely state that the plaintiff is required to allege that the

actions taken in furtherance of the conspiracy caused damages. *See Almy v. Grisham*, 639 S.E.2d 182, 189 (Va. 2007) ("The gist of the civil action of conspiracy is the damage caused by the acts committed in pursuance of the formed conspiracy."); *Gelber*, 800 S.E.2d at 821 (affirming motion to strike claim for conspiracy where plaintiffs did not prove any damages); *Dunlap v. Cottman Transmission Sys., LLC*, 754 S.E.2d 313, 317 (Va. 2014) ("[A]ctions for common law civil conspiracy and statutory business conspiracy lie only if a plaintiff sustains damages as a result of an act that is itself wrongful or tortious."). Because MVP has alleged that the concerted actions of Guidry and his conspirators interfered with MVP's work on the project and caused substantial delays and expenses, MVP has stated a claim for conspiracy.

IV. CONCLUSION

For the foregoing reasons, Guidry's motion to dismiss Counts Two and Three of the amended complaint should be denied.

Respectfully submitted,

MOUNTAIN VALLEY PIPELINE, LLC

By Counsel

Wade W. Massie
VSB No. 16616
Seth M. Land
VSB No. 75101
PENN, STUART & ESKRIDGE
P. O. Box 2288
Abingdon, Virginia 24212
Telephone: 276-628-5151
Facsimile: 276-628-5621
wmassie@pennstuart.com
sland@pennstuart.com

By *\/s/ Wade W. Massie*
Wade W. Massie

CERTIFICATE OF SERVICE

I certify that on April 15th, 2024, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all counsel of record.

*/s/ Wade W. Massie*
Wade W. Massie