IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MOUNTAIN VALLEY PIPELINE, LLC, ) </br> ) </br> Plaintiff, ) </br> ) </br> v. ) </br> ) </br> DANIEL GUIDRY, ) </br> ) </br> Defendant. ) | Case Number: 7:23CV00727 |

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS COUNTS TWO AND THREE OF AMENDED COMPLAINT**

Statement of the Case

On April 1, 2024, Defendant Daniel Guidry ("Guidry") filed his Memorandum in Support of Motion to Dismiss Counts Two and Three (Document 26) of the Amended Complaint (Document 21) filed against him by Plaintiff Mountain Valley Pipeline, LLC ("MVP"). MVP responded with a memorandum in opposition to Guidry's Motion to Dismiss on April 15, 2024. (Document 28.)

Guidry now replies to MVP's memorandum and renews his motion that the Court dismiss Counts Two and Three of MVP's Amended Complaint.

Argument

**COUNTS TWO AND THREE FAIL TO STATE CLAIMS IN CONSPIRACY UPON WHICH RELIEF MAY BE GRANTED**.

    A.    <u>The Twin Conspiracy Counts Fail To State Cognizable Claims Because MVP Sues Guidry Only</u>.

In his opening memorandum Guidry, relying upon <u>Gelber v. Glock</u>, 293 Va. 497 (2017), explained that Counts Two and Three should be dismissed because he is the sole defendant named

in those twin conspiracy claims as well as in the underlying tort count (Count One) which serves as the predicate for the conspiracies alleged. The Glock Court in 2017 adopted a civil conspiracy rule that has been embraced by some but not all other jurisdictions. The rule is categorical and prohibitory: Virginia law after Glock does not permit a plaintiff to bring a civil conspiracy count against a single defendant who is also the lone defendant named in a substantive count upon which the conspiracy claim is predicated. Glock, 293 Va. at 535 (citing Boisjoly v. Morton Thiokol, Inc., 706 F. Supp. 795, 803 (D. Utah 1988)).

  The reason for this salutary rule resides in the essential difference between criminal and civil conspiracy. The crime of conspiracy is complete upon formation of an agreement to engage in illicit conduct. Civil conspiracy, in contrast, is a species of tort which exists to extend liability from the primary tortfeasor to his co-conspirators. Because civil conspiracy's sole function is to provide a vehicle for vicarious liability, a plaintiff cannot sue a lone defendant for conspiracy when the same defendant is also the only defendant named in the substantive count underlying the alleged conspiratorial scheme. In the words of the federal district court which the Gelber Court quoted, "Civil conspiracy is essentially a tool allowing a plaintiff injured by the tort of one party to join and recover from a third party who conspired with the tortfeasor to bring about the tortious act or in other words, a method for of liability." Boisjoly, 706 F. Supp. at 803.

  The Supreme Court of Virginia in Glock expressly adopted the Utah federal court's view that civil conspiracy's objective and function as a pleading mechanism is to allow the plaintiff to seek and recover money damages or other relief against named defendants other than primary tortfeasor who committed the wrongful act underlying the conspiracy pleaded. Glock, 293 Va. at 534 ("The object of a civil conspiracy claim is to spread liability to persons other than the primary tortfeasor"). Accordingly, a civil conspiracy "cannot be maintained in a suit involving a single

defendant where the same underlying torts are also asserted by separate counts against the same defendant.'" Id. at 535.

Applying Glock, the Court should dismiss MVP's conspiracy claims in Counts Two and Three. MVP does not seek to hold liable against anyone except Guidry. Guidry also is the only defendant named in the predicate offense for the two conspiracies (Count One).

MVP construes Glock to hold ". . . that conspiracy requires proof of damages, and, under the circumstances, it was not a proper mechanism to obtain rescission." (MVP Memo., p. 6.) This is a misinterpretation of both Glock and the federal district court's analysis in Boisjoly, which figures so prominently in Justice McClanahan's rejection of the plaintiff's conspiracy claim against the single defendant sued in Glock.

Under Glock, the crucial consideration is whether the plaintiff suing for civil conspiracy seeks to spread liability to co-conspirators of the alleged, primary tortfeasor (Guidry). Where, as in Glock and the instant action, the plaintiff brings a civil conspiracy claim against a defendant tortfeasor without also seeking relief on a vicarious liability basis against alleged co-conspirators, the conspiracy claim is subject to dismissal.

MVP strains to avoid Glock by arguing that federal rather than Virginia law governs Guidry's Motion to Dismiss. "In federal cases, questions of joinder are governed by federal law, although the court may look to state law to determine the interests of the parties," MVP posits enigmatically. (MVP Memo., p. 2.)   And under Rule 19 of the Federal Rule of Civil Procedure, MVP continues, a plaintiff need not join all tortfeasors or co-conspirators in a single action. (MVP Memo., p. 3.)

MVP's attempt to circumvent Glock by relying upon decisions applying Rule 19 fails at the threshold.  The case at bar is controlled by Virginia's substantive law of conspiracy rather

3

than federal procedural rules. The Fourth Circuit decision MVP cites twice makes clear that claims for common law and statutory conspiracy arising from acts in Virginia must comport with Virginia law. L-3 Communications Corp. v. Serco, Inc., 926 F.3d 85, 92 (4th Cir. 2019). MVP cannot avoid Glock by pointing to the permissive joinder policies which inform Rule 19. The rule in Glock discussed supra is a substantive rule of Virginia conspiracy law.

MVP has no better luck resorting to decisions by state and federal courts in Virginia for the proposition that despite Glock a plaintiff may sue a plaintiff for civil conspiracy without joining the defendant's co-conspirators. The cases MVP cites are inapposite or pre-date Glock. For instance, MVP relies upon Williams v. Dominion Tech Partners, L.L.C., 265 Va. 280 (2003), a decision published by the Supreme Court of Virginia 14 years prior to Glock, Williams lends no support to MVP because there the Supreme Court of Virginia reversed in its entirety the jury's verdict finding the defendant liable for civil conspiracy and related torts. Williams, 265 Va. at 292.

The only post-Glock decision cited by MVP is the Fourth Circuit's opinion in Serco, 926 F.3d at 85. The Fourth Circuit in Serco acknowledged Glock as recent Virginia precedent on the elements of civil conspiracy. Serco, 926 F.3d at 92. But Serco did not hinge upon the rule prohibiting single-defendant conspiracy counts joined with underlying tort counts against the same defendant adopted in Glock. Instead, Serco involved a different tort rule first recognized by the Supreme Court of Virginia in 1956. This is Virginia's "third-party rule," which is a narrow exception to the settled precept that a person cannot be sued for interfering with that person's own contract or business expectancy. Under Virginia's third-party rule a person may be sued for *conspiracy* to tortiously interfere with that defendant's own contract or business expectancy. "Thus, the third-party rule provides a cause of action in conspiracy against one who cannot be held directly liable for tortiously interfering with his own business relationship, but nonetheless

4

encourages or induces an outsider to do so," the Fourth Circuit explained in Serco, 926 F.3d at 91.

MVP cites Serco as precedent for the proposition that even after Glock a plaintiff may bring a civil conspiracy claim against only one co-conspirator.   MVP correctly observes that the Fourth Circuit in Servo upheld common law and statutory conspiracy claims against only one named co-conspirator, Serco. (MVP Memo., p. 4.)   MVP misapprehends Serco.

Serco is inapposite because it applied Virginia's third-party rule, a conspiracy doctrine that is not at issue here.  To be sure, there the Fourth Circuit reversed the district court's summary judgment award to the single defendant, Serco, and remanded for a trial on the plaintiff's claim against Servo for conspiring to tortiously interfere with Serco's own contract or business expectancy. But the Fourth Circuit only reached that exceptional result because the case fit within the narrow confines of Virginia's third-party rule.   The plaintiff could not sue Serco for tortious interference with Serco's own contract. Virginia courts developed the third-party rule to afford plaintiffs a cause of action in conspiracy against defendants such as Serco who are immune from suit for tortious interference with their own contract or business expectancy. Serco, 926 F.3d at 91-92.

Serco is not on point.  Virginia's third-party rule does not control the case at bar. The controlling Virginia conspiracy rule is the rule adopted in Glock. Unlike the plaintiff in Serco, MVP has a substantive tort claim against the lone defendant (Guidry) for a substantive tort (interference with easements) that underlies its conspiracy counts. Virginia's third-part rule has no role here, particularly since MVP states a substantive claim in tort against Guidry in Count One.

    B.    <u>Alternatively, The Court Should Dismiss Counts Two and Three For Failure To Satisfy The Heightened Pleading Requirements For Civil Conspiracy Claims</u>.

Even assuming, arguendo, civil conspiracy could be a proper vehicle for recovery here, the

Court should dismiss Counts Two and Three as insufficiently pleaded. For the reasons stated in Guidry's opening memorandum, pages 5-8, the Court should apply a heightened pleading requirement and hold MVP has failed to plead the essential elements of actual injury or damages with sufficient specificity.

DANIEL GUIDRY

By: /s/ Paul G. Beers
    Of Counsel

Paul G. Beers (VSB # 26725)
Glenn, Feldmann, Darby & Goodlatte
111 Franklin Road, S.E., Suite 200
P. O. Box 2887
Roanoke, Virginia 24001-2887
Telephone: (540) 224-8000
Facsimile: (540) 224-8050
Email: pbeers@glennfeldmann.com

Counsel for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on May 6, 2024, I electronically filed the foregoing Defendant's Reply Memorandum in Support of Motion to Dismiss Counts Two and Three of Amended Complaint with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

/s/ Paul G. Beers
Paul G. Beers