IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MOUNTAIN VALLEY PIPELINE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL GUIDRY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 7:23-cv-727 |

JOINT MOTION FOR ENTRY OF AGREED INJUNCTION

Plaintiff Mountain Valley Pipeline, LLC ("MVP") and defendant Daniel Guidry ("Guidry"), for their Joint Motion for Entry of Agreed Injunction, state as follows:

I. STATEMENT OF THE CASE

1. On November 8, 2023, MVP filed this case against Guidry for an incident on October 7, 2023, and against Ashley Stecher Wagner ("Wagner") for an incident on October 16, 2023. Dkt. No. 1.

2. On March 19, 2024, MVP filed an amended complaint, removing Wagner as a defendant in this case. Dkt. No. 21.

3. The amended complaint alleges that, on October 7, 2023, Guidry entered MVP's right of way in the Jefferson National Forest, attached himself to the ground using a sleeping dragon device, and was extracted by law enforcement. Dkt. No. 21 ¶ 20.

4. The amended complaint seeks a permanent injunction and damages for interference with MVP's easement and common law and statutory conspiracy. Dkt. No. 21.

5. Following briefing and oral argument, the Court granted Guidry's motion to dismiss MVP's claims for conspiracy. Dkt. No. 36. MVP's claim for interference with its easement remains pending.

6. The parties have agreed to entry of an agreed injunction. The order is attached hereto as Exhibit 1.

7. The parties file this joint motion for approval and entry of the agreed injunction.

II. ARGUMENT

8. When considering a motion to approve a consent decree, the district court "should be guided by the general principle that settlements are encouraged." *United States v. North Carolina*, 180 F.3d 574, 581 (4th Cir. 1999) (citing *Durrett v. Housing Authority*, 896 F.2d 600, 604 (1st Cir.1990)). The court should approve the consent decree if it "'is fair, adequate, and reasonable' and 'is not illegal, a product of collusion, or against the public interest.'" *Id.* (quoting *United States v. Colorado*, 937 F.2d 505, 509 (10th Cir. 1991)). The court should consider the strength of the case, the extent of any discovery, the stage of the proceedings, the lack of any collusion in the settlement, and the experience of counsel who negotiated the settlement. *Id.*

9. The agreed injunction is the result of informed and reasoned decisions and, it is fair, adequate, and reasonable. The amended complaint alleges that

Guidry entered the right of way, attached himself using a sleeping dragon device, and was extracted by law enforcement. Dkt. No. 21 ¶ 20. As a result, work on the pipeline was allegedly delayed, and MVP seeks damages for additional costs. *Id.* ¶ 19, 22, 23. Guidry was found guilty of a related criminal charge in the General District Court of Giles County, Virginia.

10. While significant discovery has not been conducted in this case, the parties are represented by experienced counsel, and there is certainly no collusion between MVP and Guidry or any of the other protesters. Moreover, the proposed injunction order in this case is similar to several such orders entered by agreement between MVP and protesters in the Circuit Court of Montgomery County, Virginia.

III. CONCLUSION

11. For the foregoing reasons, the Court should grant this motion and enter the agreed injunction attached as Exhibit 1.

Respectfully submitted,

MOUNTAIN VALLEY PIPELINE, LLC

By Counsel

Wade W. Massie
VSB No. 16616
Seth M. Land
VSB No. 75101
PENN, STUART & ESKRIDGE
P. O. Box 2288
Abingdon, Virginia 24212
Telephone: 276-628-5151
Facsimile: 276-628-5621
wmassie@pennstuart.com
sland@pennstuart.com

By *_/s/ Wade W. Massie_____*
Wade W. Massie

*Counsel for Plaintiff*

DANIEL GUIDRY

By Counsel

Paul G. Beers
VSB # 26725
GLENN, FELDMANN, DARBY & GOODLATTE
111 Franklin Road, S.E., Suite 200
P. O. Box 2887
Roanoke, Virginia 24001
Telephone: 540-224-8000
Facsimile: 540-224-8050
pbeers@glennfeldmann.com

By *_/s/ Paul G. Beers______*
Paul G. Beers

*Counsel for Defendant*

CERTIFICATE OF SERVICE

I certify that on November 6, 2025, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all counsel of record.

*/s/ Wade W. Massie*
Wade W. Massie